UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-80733-ROSENBERG

DEREK STRINE,

    Plaintiff,

v.

UNITED STATES CENTER
FOR SAFE SPORT,

    Defendant.
_____/

**ORDER GRANTING IN PART AND RESERVING
IN PART THE DEFENDANT'S MOTION TO DISMISS**

**THIS CAUSE** is before the Court on the Defendant's Motion to Dismiss at docket entry 14. The Plaintiff filed a response at docket entry 19. For the reasons set forth below, the Motion is granted in part insofar as this case will be transferred to the District of Colorado.

The Defendant in this case banned the Plaintiff from participating in certain actions that are related to United States Olympics. DE 1 at 5. The Plaintiff has filed this suit on the premise that the Defendant lacked the power to do so.

The governing code over the Defendant's prior actions against the Plaintiff is the Safesport Code of Conduct (the "Code"), which the Plaintiff cites in his Complaint. *Id.* at 1. The Defendant has provided a full copy of that code with its Motion. DE 14-1. The Code provides that: "[I]n the event that any party brings any action against the other related to this Code, the parties agree that the venue of such action shall be vested exclusively in the United States District Court for the District if Colorado." *Id.* at 7.

The Plaintiff certainly challenges the propriety of the Defendant's prior actions against him under the Code. By way of example, the Plaintiff references the Code over forty times in his Complaint. And while the Plaintiff's claims against the Defendant are not *limited* to the Code, the Plaintiff's claims are all certainly "related" to the Code. For this reason, the Court grants the Defendant's request for a venue transfer and leaves all remaining questions (such as the parties' disputes over the judicial reviewability of the Code) to the proper venue—Colorado.[1]

For the foregoing reasons, it is **ORDERED** that the Clerk of the Court shall transfer this matter to the United States District Court for the District of Colorado and mark this case as **CLOSED**.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 23rd day of August, 2024.

Copies furnished to:  
Counsel of record

ROBIN L. ROSENBERG  
UNITED STATES DISTRICT JUDGE

---

[1] "The enforceability of a forum selection clause in a case based on federal question is governed by federal law." *Loeffelholz v. Ascension Health, Inc.*, 34 F. Supp. 3d 1187, 1189 (M.D. Fla. 2014). "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." *Id.* "Only under extraordinary circumstances *unrelated to the convenience of the parties* should a § 1404(a) motion be denied." *Id.* (emphasis added).